IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GARY ORAM, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE DILLON CITY POLICE DEPARTMENT, CETH HAGGARD, JEREMY ALVAREZ, JACOB JOHNSON,<br><br>Defendants. | CV 15-47-BU-BMM-JCL<br><br>ORDER |

Plaintiff Gary Oram, Jr. moves for the appointment of counsel to represent him in this matter. He also moves the Court to provide him with funds to conduct discovery and to retain an expert to support his claims. For the reasons discussed, Oram's motion is denied.

Oram's complaint arises from an alleged assault committed against him by Defendant Jacob Johnson in Dillon, Montana, on January 29, 2014. He also alleges Defendant police officers Ceth Haggard and Jeremy Alvarez arrested him without probable cause and through the use of excessive force.

With respect to Oram's motion to appoint counsel, the Court first notes that a plaintiff does not have a right to the appointment of counsel in a civil action.

1

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). But, 28 U.S.C. § 1915(e)(1) does provide that "[t]he court may request an attorney to represent any person unable to afford counsel."

In support of Oram's motion for appointment of counsel he filed an affidavit regarding his financial condition. His affidavit establishes that Oram is unable to afford counsel to represent him and, therefore, is potentially eligible for appointment of counsel under section 1915(e)(1).

Although the Court has discretionary authority to appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (*see Palmer*, 560 F.3d at 970), such appointment can occur only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). *See also Palmer*, 560 F.3d at 970.

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [litigant] to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)). *See also Palmer*, 560 F.3d at 970.

At this early stage of this lawsuit there is no basis in the record on which the Court could find that Oram has presented exceptional circumstances warranting

appointment of counsel. Oram has not established that he will be unable to sufficiently articulate his claims pro se, and he also has not demonstrated the requisite likelihood of success on the merits of his claims.

Next, Oram apparently requests either an appropriation of funds to him for discovery and to enable him to retain an expert witness, or the outright appointment of an expert in this case. But the Court concludes neither the provision of funds, nor the appointment of an expert, is warranted in this case.

First, there exists no legal authority for the Court to provide Oram with funds to assist him with discovery or an expert.

Second, the Court has authority only in limited circumstances to appoint an expert witness under the provisions of Fed. R. Evid. 706(a). A court may appoint an expert where the scientific, technical or specialized evidence is confusing, conflicting or contradictory and, therefore, the appoint of an expert is necessary. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). But the cost of the appointed expert must be apportioned between the parties. Rule 706(c).

Oram has not identified any scientific, technical or specialized evidence in this case that is confusing and needs explanation by an expert. Therefore, the appointment of an expert is not necessary.

Based on the foregoing, IT IS HEREBY ORDERED that Oram's requests for appointment of counsel, funds for discovery and an expert witness, and the appointment of an expert are DENIED.

DATED this 16th day of November, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge