IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GARY ORAM, JR., <br><br> Plaintiff, <br> vs. <br><br> THE DILLON CITY POLICE DEPARTMENT, CETH HAGGARD, JEREMY ALVAREZ, JACOB JOHNSON, <br><br> Defendants. | CV15-47-BU-BMM-JCL <br><br> ORDER |

Plaintiff Gary Oram moves for a default judgment against Defendants under authority of Fed. R. Civ. P. 55 based upon Defendants' conduct in responding to his discovery requests. For the reasons discussed, Oram's motion is denied.

In January 2016, Oram submitted discovery requests to Defendants which included the subject Fed. R. Civ. P. 34 request for production. The request for production at issue directed Defendants to produce all police dispatch reports and documents reflecting Dillon City Police activities on January 29 and 30, 2014. The request sought reports of complaints received, and both the activities and locations of Dillon police officers and police vehicles between 9:00 p.m. on January 29 and 5:25 a.m. on January 30, 2014.

Oram complains that Defendants did not provide adequate responses to his

request for production.  He complains that Defendants objected to the request, provided only piecemeal portions of the information requested, withheld records and information, and produced incomplete responses answering only limited aspects of the request.  He further contends the information that the Defendants did produce in response to the request is inaccurate, and contains inconsistencies and discrepancies.  He suggests Defendants produced fraudulent, altered or fabricated evidence, and that their conduct in that regard is sanctionable, bad-faith conduct.  But for the reasons discussed, the Court concludes Oram's motion lacks merit.

Although Oram relies upon Fed. R. Civ. P. 55, the rule only permits a default judgment based upon (1) a defendant's failure to plead or otherwise defend an action, and (2) the entry of a default against a defendant.  Here, Defendants have filed answers to Oram's pleading, and they have defended this action.  Thus, Rule 55 is inapplicable to Oram's motion.

Instead, Oram's motion is properly construed as a motion for discovery sanctions which could be imposed under either the Court's inherent authority, or Fed. R. Civ. P. 37.  But an order granting sanctions under Rule 37 for discovery conduct can only be granted after a party fails to obey an order issued by the court compelling a party to produce documents requested under Rule 34. Fed. R. Civ. P.

37(a)(3)(B)(iv) and (b)(2)(A). Oram has neither moved for, nor obtained, an order compelling Defendants to respond to his request for production that is the subject of the instant motion and, thus, Defendants have not failed to obey any such order. Therefore, Oram is not entitled to sanctions under Rule 37(b)(2).

Alternatively, in rare situations a court has inherent discretionary authority to impose sanctions against a party for bad faith conduct relative to discovery or evidentiary matters. *Insurance Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). Case-dispositive or terminating sanctions, however, are available in limited circumstances. *Connecticut General Life Insurance Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Only "willfulness, bad faith, and fault" justify a severe sanction. *Id*. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

But before a court can order a dispositive sanction for discovery conduct, the court must first consider five factors and conclude that the factors weigh in favor of the dispositive sanction requested. The court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the

availability of less drastic sanctions.

*Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotations and citation omitted).  These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'"  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

Although "the public's interest in expeditious resolution of litigation" favors a dispositive sanction, (*Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), the district court is in a superior position to evaluate this factor to determine when a particular delay interferes with the public's interests.  *Id*. (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).  Here there is no evidence to suggest that Defendants have improperly delayed this case by virtue of the discovery responses they provided.  Absent a motion to compel discovery responses filed by Oram, there is no information before the Court to allow it to determine whether Defendants' discovery responses may, in fact, be adequate, proper and complete.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish*, 191 F.3d at 990). Although the Court has authority to manage its docket, the Court finds no need for any particular docket management at this time that would result in the imposition of adverse consequences upon Defendants.

Next, at this stage of the proceedings, there exists no risk of prejudice to Oram based on the alleged inadequate discovery responses provided by Defendants. Oram may still move to compel proper responses from Defendants, if warranted, under Rule 37 which would put the propriety of Defendants' responses at issue before the Court.

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of any particular case, this factor will always counsel against a dispositive sanction.

Based on the foregoing, the Court concludes no sanctions are warranted for Defendant's conduct in answering Oram request for production. Defendants have not violated an order compelling them to respond to the request for production, there exists no information before the Court suggesting Defendants engaged in conduct that constitutes willfulness, bad faith or fault, and the factors the Court must consider before imposing a dispositive sanction compel the conclusion that a

sanction is not warranted.

Therefore, IT IS HEREBY ORDERED that Oram's motion for default judgment is DENIED.

DATED this 15th day of June, 2016.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge