# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| GARY ORAM, JR.,<br><br>                         Plaintiff,<br>vs.<br><br>THE CITY OF DILLON, CETH HAGGARD, JEREMY ALVAREZ, and JACOB JOHNSON,<br><br>                         Defendants. | **CV-15-47-BU-BMM-JCL**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

      Defendants The City of Dillon, Ceth Haggard, and Jeremy Alvarez move the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56. United States Magistrate Judge Jeremiah Lynch issued Findings and Recommendations in this matter. (Doc. 130.) Judge Lynch recommended that the Court grant the motions and dismiss the action. No party has filed objections. The Court has reviewed Judge Lynch's Findings and Recommendations for clear error.

1

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error.

## I. BACKGROUND

This case arises from an incident that occurred in the early morning hours on January 30, 2014, in Dillon, Montana. Pro se Plaintiff, Gary Oram, Jr., was intoxicated and was attempting to open a door on a parked police car. A bystander, Jacob Johnson, approached Oram to deter him from accessing the car, and the two got into a physical altercation. Defendants Jeremy Alvarez and Ceth Haggard, Dillon Police Officers, arrived at the scene later and arrested Oram for assaulting Johnson.

Oram asserts that he sustained injuries during his arrest. Although Oram indicates he was not personally aware of exactly what happened, he believes that at some point the officers physically beat him by either hitting or kicking him. He later underwent several surgeries to address a hematoma affecting his right ear.

Oram advances four legal claims for relief. First, he alleges that Defendants are liable for "conspiracy." Specifically, he contends law enforcement officers were obligated to arrest Johnson for his assault on Oram. (Doc. 35 at 24.) The officers instead exercised the "power of conspiratorial coercion" and wrongfully arrested Oram. *Id*.

Second, Oram alleges that Haggard and Alvarez employed excessive force to arrest him in violation of his rights protected under the Fourth Amendment. Third, Oram alleges that Haggard and Alvarez unlawfully arrested him without probable cause in violation of both the Fourth Amendment and his due process rights protected under the Fourteenth Amendment.

Finally, Oram alleges that Defendants violated his equal protection rights guaranteed under the Fourteenth Amendment. He asserts that Haggard and Alvarez discriminated against him and treated him differently than Johnson because they arrested Oram, and not Johnson.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986). Once the moving party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).

3

The Court views the evidence in the light most favorable to the non-moving party in deciding a motion for summary judgment, and draws all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1021 (9th Cir. 2007). Additionally, because Oram is proceeding pro se, the Court must construe his documents liberally and give them "the benefit of any doubt" with respect to Defendant's summary judgment motion. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Oram advances his claims alleging that Defendants violated his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 permits claims under federal law against a local governmental entity, or a local official or employee. "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation and citation omitted).

Judge Lynch determined that Haggard and Alvarez had probable cause to arrest Oram for assault. (Doc. 130 at 6-12.) Judge Lynch noted that the information that Haggard and Alvarez possessed at the time of Oram's arrest, as set forth in their investigative reports, remains largely undisputed. No reasonable jury could

4

conclude that no probable cause existed to arrest Oram for assault. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014-15 (9th Cir. 2015) (concluding summary judgment based on finding of probable cause is properly granted where the evidence demonstrates no reasonable jury would conclude probable cause was lacking).

Judge Lynch further determined that Oram has failed to present any evidentiary material that raises a genuine issue for trial as to whether Haggard and Alvarez used excessive force against him by hitting or kicking him. (Doc. 130 at 12-15.) Haggard and Alvarez each affirmatively state, through their sworn testimony in an affidavit, that neither one of them "punched, kicked, beat," or otherwise used unreasonable force against Oram. (Docs. 96 at ¶ 29; 97 at ¶ 28.)

Oram relies upon what he represents as a written statement prepared by a purported witness, Sam Hayden. The referenced document is handwritten, but is signed by no one. The statement does not qualify as a sworn declaration or affidavit, nor as an unsworn declaration under penalty of perjury. *See* 28 U.S.C. 1746. "References to such unsworn statements are insufficient to generate a genuine dispute of fact" to survive summary judgment. *Jones v. Williams*, 791 F.3d 1023, 1032 (9th Cir. 2015).

5

Judge Lynch determined that Haggard and Alvarez are entitled to judgment against liability for Oram's equal protection claim under the doctrine of qualified immunity. (Doc. 130 at 15-20.) Qualified immunity renders individual state actors immune from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Under the qualified immunity analysis, the Court considers whether the facts, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The immunity analysis further requires the Court to consider whether the asserted constitutional right was clearly established. *Saucier*, 533 U.S. at 201. A right is clearly established if the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. 532 U.S. at 202. *See also Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013). The Court possesses "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Judge Lynch determined that the law relative to a class-of-one equal protection claim and its application to discretionary decisions made by police officer is not clearly established. In particular, neither the Ninth Circuit nor the United States Supreme Court clearly has established that a police officer exercising discretionary decision-making authority as to which suspect to charge and arrest for a criminal offense, and which suspect not to charge, can be liable under the equal protection clause for such conduct when the officer's decision is not based on the plaintiff's membership in a protected class. The Court agrees that Haggard and Alvarez are entitled to qualified immunity as to Oram's equal protection claim.

Judge Lynch further determined that Haggard and Alvarez are entitled to summary judgment on Oram's conspiracy allegation. (Doc. 130 at 20-23.) Oram has failed to demonstrate that either Haggard or Alvarez violated Oram's constitutional rights. In the absence of an underlying violation of a federal or constitutional right actionable under 42 U.S.C. § 1983, a theory of liability alleging defendants conspired to violate a person's constitutional rights lacks viability. *Dooley v. Reiss*, 736 F.2d 1392, 1395 (9th Cir. 1984). The failure of the underlying section 1983 claims precludes a conspiracy claim. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 739 (9th Cir. 1987).

Judge Lynch determined that The City of Dillon's motion for summary judgment dismissing Oram's 42 U.S.C. § 1983 claims should be granted as well. (Doc. 130 at 23-24.) No sufficient evidence exists to support those claims of liability. Given the absence of any evidence of an underlying violation of Oram's constitutional rights, the City of Dillon cannot be held liable. Oram has presented no evidence which suggests that either Haggard or Alvarez violated his constitutional rights. Municipalities cannot be held liable where the court has concluded that no individual police officer inflicted a constitutional injury upon the plaintiff. *Yousefian*, 779 F.3d at 1016.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 130) is **ADOPTED IN FULL**. Officers Jeremy Alvarez and Ceth Haggard's Motion for Summary Judgment (Doc. 93) and The City of Dillon's Motion for Summary Judgment (Doc. 101) are **GRANTED.** Oram's claims in this case related to Officers Alvarez and Haggard, and the City of Dillon and the Dillon City Police Department are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference scheduled for January 5, 2017, at 3:30 p.m., and the Trial scheduled for January 23, 2017, at 9:00 a.m., are **VACATED** pending further action from the Court.

DATED this 20th day of December, 2016.

Brian Morris
United States District Court Judge