IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

GARY ORAM, JR.,

        Plaintiff,

v.

THE CITY OF DILLON, CETH
HAGGARD, JEREMY ALVAREZ,
and JACOB JOHNSON,

        Defendants.

CV-15-47-BU-BMM-JCL

**ORDER**

Plaintiff Gary Oram ("Oram") filed a Motion for Relief from Final Judgment on August 30, 2017. (Doc. 149.) Oram filed a Motion for Relief in Equity on December 11, 2017. (Doc. 157.)

## BACKGROUND

The Court will recite the history of this case only as relevant to explain its reasoning. Oram filed his complaint on September 14, 2015. (Doc. 1.) The Court granted summary judgment in favor of, and dismissed all claims against, Defendants The City of Dillon, Ceth Haggard, and Jeremy Alvarez ("City Defendants") on December 20, 2016 . (Doc. 132.)

Oram failed to serve Defendant Jacob Johnson within 90 days of the filing of his complaint. (Doc. 136.) The Court issued an order on December 28, 2016, to

show cause as to why Oram's remaining claims against Johnson should not be dismissed for lack of service. (Doc. 136.) Oram failed to respond to the Court's order, and failed to elect service on Defendant Johnson. As a result, the Court issued an order on August 23, 2017, dismissing claims against Johnson without prejudice for lack of service. (Doc. 145.)

Oram filed the first of two pending motions (hereafter "first motion") on August 30, 2017. (Doc. 149.) He contends: (1) that he is entitled to "reversal" of this Court's December 20, 2016, Order (Doc. 132) awarding summary judgment to the City Defendants; (2) that he is entitled to "District Court review and relief of all void judgments" entered by United States Magistrate Judge Jeremiah C. Lynch (Docs. 23; 48; 61; 63; 85; 139); and (3) that he is entitled to "all damages as pled" against the City Defendants. (Docs. 149 at 2; 150 at 7.) In support of his requested relief, Oram alleges that the Court failed to consider a witness statement, that Magistrate Lynch lacked jurisdiction, and that Defendants had submitted incomplete or falsified discovery responses constituting fraud on the Court. (Doc. 150 at 4-6.)

Oram filed the pending Motion for Relief in Equity (hereafter "second motion") on December 11, 2017. (Doc. 157.) Oram's second motion seeks an injunction to prevent the withdrawal of counsel for Defendants Haggard and

Alvarez, as well as declaratory and "other relief" "as this Court deems appropriate and just." (Doc. 158 at 17.) In support, Oram re-states the allegations of his first motion.

## DISCUSSION

### I. First Motion

Oram characterizes his first motion as a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides relief from a "final judgment or order" in case of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), "fraud, misrepresentation, or misconduct," Fed. R. Civ. P. 60(b)(3), or where "the judgment is void," Fed. R. Civ. P. 60(b)(4).

A final judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. U.S.*, 324 U.S. 229, 233 (1945). Where an action involves multiple parties, any order that adjudicates "fewer than all the claims" or "the rights and liabilities of fewer than all the parties" is not final absent discretionary certification of finality by the Court. Fed. R. Civ. P. 54(b).

Oram's first motion seeks reversal of six orders issued by Magistrate Lynch. (Doc. 150 at 7.) Magistrate Lynch's orders include a scheduling order (Doc. 23), two discovery orders (Docs. 48; 61), an order denying entry of default (Doc. 63),

and two text orders denying previous motions to reconsider (Docs. 85; 139). Oram contends that these orders exceed the jurisdiction of a United States Magistrate Judge, and that they are void and subject to reversal by this Court under Rule 60(b)(4).

Oram also seeks reversal of an order issued by this Court (Doc. 132) adopting Magistrate Lynch's Findings and Recommendations to grant summary judgment to the City Defendants and dismiss Oram's claims against the City Defendants with prejudice. (Doc. 150 at 2.) Oram contends that this judgment is based on mistake, and that it should be reversed under Rule 60(b)(1).

None of the seven orders identified by Oram are final orders within the meaning of Rule 60(b). The Court will construe, therefore, Oram's first motion as a motion to reconsider. This Court's Local Rule 7.3 governs motions for reconsideration of interlocutory orders. "No one may file" such a motion "without prior leave of court." L.R. 7.3(a). A motion for leave to file a motion to reconsider must demonstrate either: (1) that the facts or law are "materially different" than that which the parties presented to the Court before entry of the contested order, and the party applying for reconsideration did not know such fact or law before entry of the order, despite exercise of reasonable diligence; or (2) new material

facts arose or a change of law occurred after the Court entered such order. L.R. 7.3(b). Oram has failed to make such showing.

The Court notes Oram's *pro se* status. The Court must "liberally construe" *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Oram has repeatedly raised the above matters in previous filings, however, including two motions for leave to file a motion to reconsider which were denied by Judge Lynch. Oram is evidently aware of this District's Local Rules, but instead seeks to use Rule 60 as a substitute for appeal. Not even the most liberal reading of Oram's first motion can overcome this deficiency.

## II.     Second Motion

Oram characterizes his second motion as a motion for equitable relief. With the exception of Oram's attempt to prevent the withdrawal of counsel, Oram has repeatedly raised the matters in previous filings. (*See* Docs. 42; 43; 47; 58; 66; 135; 150.) The Court will consider Oram's second motion as motion for reconsideration.

Oram likewise has failed in his second motion to make the showing required by Local Rule 7.3 for leave to file a motion to reconsider. With regard to the benefit afforded Oram given his *pro se* status, nothing in the record indicates that

Oram lacks knowledge of the Local Rules, or that he has made any attempt to comply with repeated orders of this Court.

## III.   Sanctions

Defendants have asked the Court to levy sanctions on Oram to prevent further "frivolous" filings. (Docs. 153 at 5; 160 at 2.) Defendants ask the Court to levy attorneys fees and costs incurred in responding to Oram's motions. (Doc. 152 at 2.)

The record reflects that Oram has filed two appeals and one motion for reconsideration *en banc* to the Ninth Circuit Court of Appeals concerning these same matters. (Docs. 54, 140, 143.) The Ninth Circuit has dismissed each appeal, and warned Oram that further filings may result in sanctions. (Docs. 62; 142; 143 at 1.) Oram further has petitioned for a writ of certiorari to the United States Supreme Court. (Doc. 151.) That petition was likewise denied. (Doc. 155.)

This Court does not impose sanctions lightly. The voluminous record in the instant case and Oram's history of out-of-jurisdiction appeals does lend support to Defendants' requests. Should Oram continue to file motions in this case, an award of sanctions will be considered.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Final Judgment (Doc. 149) and Plaintiff's Motion for Relief in Equity (Doc. 157) are **DENIED**.

No further filings will be entertained in this closed case. Further filings may result in the imposition of sanctions.

DATED this 9th day of January, 2018.

Brian Morris
United States District Court Judge